bar. The words of the statute in Ranney's time described the act as perpetrated "by color of any false token or writing, or by any other false pretense." The present statute reads:

"A person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person: 1. Takes from the possession of the true owner, or of any other person; or obtains from such possession by color or aid of fraudulent or false representation or pretense, or of any false token or writing."

See section 1290, Penal Law (Consol. Laws 1909, c. 40).

I think that the representation of the existing facts in this case was at least within the words "or aid." Aside from the admission arising from the plea of guilt (see Thomas v. People, 34 N. Y. 351), it seems clear that the inducement for Raoux to part with the $50 was not alone in the promise to secure employment as a governess with his sister, but also in the representation that the defendant's sister lived in Florida and needed a governess there, for the $50 was paid for a ticket of passage to that place. Without the representation of these existing facts, the $50 surely would not have been paid to the defendant for the purpose described. It was the pretense and the promise that moved Raoux to part with this money. Consultation of the Notes of the Commissioners, supra, shows 'that the proposed statute (section 623 of the Report, supra) read "by color or aid of any false token or writing, or other false pretense," in order to meet the judgment in Ranney v. People, supra. After expressing the doubt as to the soundness of that decision, the Commissioners say:

"But, conceding the decision in Ranney v. People to be a correct exposition of the Revised Statutes, it calls for a modification of the law. Under the language employed in the text, it will be sufficient that the false assertion co-operated with other influences to induce the prosecutor to act; that it aided the prisoner to perpetrate the fraud."

The suggestion, if not the source of the present statute, is embodied in it.

The motion is denied.

(157 App. Div. 337.)

### CLANCY v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department. May 29, 1913.)

1. MASTER AND SERVANT (§ 228*)—INJURIES TO SERVANT—PROOF OF CONTRIBUTORY NEGLIGENCE—STATUTE.

Labor Law (Consol. Laws 1909, c. 31) § 202a, added by Laws 1910, c. 352, providing that on the trial of any action brought by an employé, or his personal representative, to recover damages for negligence, contributory negligence of the injured employé shall be a defense, to be pleaded and proved by the master, is not retroactive.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*]

2. MASTER AND SERVANT (§ 228*)—INJURIES TO SERVANT—ACTIONS—CONTRIBUTORY NEGLIGENCE.

The necessity for the plaintiff, in an action for the wrongful death of a servant, to allege and prove the servant's freedom from contributory

negligence, is not changed by Code Civ. Proc. § 841b, which makes it the policy of the law to place the burden of proving contributory negligence in actions for death upon the defendant; that section not having gone into effect at the time of the disposition of the case.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*]

3. MASTER AND SERVANT (§ 281*)—INJURIES—ACTIONS FOR—INSUFFICIENCY. ·
    In an action for the wrongful death of a servant, evidence *held* not sufficient to show the servant's freedom from contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

Appeal from Trial Term, Westchester County.

Action by Elizabeth Clancy, as administratrix of the estate of Patrick Clancy, deceased, against the New York, New Haven & Hartford Railroad Company. From a judgment for plaintiff, and an order denying its motion for new trial, defendant appeals. Reversed and remanded.

See, also, 134 App. Div. 922, 118 N. Y. Supp. 1099; 201 N. Y. 235, 94 N. E. 867.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

I. R. Oeland, of Brooklyn, for appellant.
Michael J. Tierney, of New Rochelle, for respondent.

JENKS, P. J. This action is by the administrator of a servant against a master for negligence. The learned court charged the jury as follows: ·

"I am going to say to you in this case that, under the law as it stands now, the duty is upon the defendant to prove that the man did not use due care, that he was guilty of contributory negligence, that his own carelessness helped to bring about the injury which resulted in his death, and it is not for the plaintiff to show that he was free from carelessness. The burden is put on the defendant to show that the man acted carelessly, and if he did act carelessly his widow cannot recover, even though the defendant was also careless."

Exception was taken by the defendant. The instruction was not retracted, and there is no other instruction upon this subject.

[1] This action was begun in 1906. Assuming that the intestate was about the work of his master at the time of the casualty, section 202a of chapter 352 of the Laws of 1910 (Labor Law) could not apply, because it is not retroactive. Greif v. Buffalo, L. & R. Ry. Co., 205 N. Y. 239, 98 N. E. 462. The learned counsel for the respondent insists that the expression indicative of such decision in Greif's Case, supra, was "the individual opinion of the writer of the opinion, since it was not necessary to a decision of the case," and "in any event, it would seem that but three of the judges concurred in the opinion containing that statement, while all of the judges concurred in the reversal." I cannot agree. The counsel for the appellant in Greif's Case argued that the burden of proof as to contributory negligence was on the defendant, citing, inter alia, chapter 352 of the Laws of

1910. The language of the court germane to this question is as follows:

"The conclusion reached by us is independent of the amendment of the Labor Law, known as section 202a, added thereto by chapter 352 of the Laws of 1910, which relieves the plaintiff from showing want of contributory negligence in actions for personal injuries, and makes it a defense to be pleaded and proved by the defendant. But inasmuch as the question may be again raised upon the new trial, we have thought it wise to state that we do not understand the provisions of that act to be retroactive."

The writer of the opinion is Haight, J. The summary of the vote of the court is:

"Vann and Chase, JJ., concur with Haight, J. Collin, J., concurs with Cullen, C. J. Willard Bartlett, J., concurs with Haight, J., and Cullen, C. J. Hiscock, J., not sitting."

As I read the report, the expression cited is approved by Haight, Vann, Willard Bartlett, and Chase, JJ., four of the six judges who took part in the rendition of the judgment. The Chief Judge in his opinion does not refer to the effect of the statute, and hence the concurrence with him by Willard Bartlett, J., is in no sense contrary to his concurrence with Haight, J. I think that the error of the court is fatal to the judgment.

[2] The learned counsel earnestly urges that in any event it is now the policy of the law, as evidenced by section 841b of the Code of Civil Procedure, to place the burden of proving contributory negligence in actions for damages for death upon the defendant; but he admits that said statute is not operative until September 1, 1913. The result is that one statute is not retroactive, and the other is not in operation.

[3] The Court of Appeals decided in this case that the plaintiff furnished but "a slender basis for speculation" that her intestate was free from negligence, which was inadequate for the finding and the verdict, and reversed the judgment and ordered a new trial. 201 N. Y. 235, 240, 94 N. E. 867. This appeal is from a judgment entered upon the verdict of the jury upon the new trial. The appellant contends that this trial has added nothing new to the facts. The respondent says:

"All the evidence before this court upon the former appeals, as well as that before the Court of Appeals on the appeal to that court, is now before this court, in this record, with other evidence."

The only indication of new evidence gathered from the respondent's points is as follows:

"Moreover, there is in this record evidence as to the condition of the bodies of the plaintiff's intestate and his fellow workman killed with him, which was not in the previous record, and which establishes, or at least authorized the jury to find, that the bodies of both men were dragged along the track from the switch, where they were required to work, to the points where the bodies were found (folios 389, 416, 417)."

Reference to the folios shows that the witness Ivory testifies that he discovered the bodies, which were all cut up, and that the clothing was torn and ragged and soiled, as though it had been dragged along, the bodies were very much cut up, and the witness had to go along the

track with a lantern and find them in pieces, and "that ran down toward the switch." Nolan testifies:

"I did see the bodies of these men after the accident after the train went by. Clancey's body was on the platform in a little heap. They gathered up his remains; I suppose they did; I did not see them picking him up. The clothing looked to be all torn, as though they had been dragged along; yes. The other body I did not see."

And Ivory again testified:

"Q. Did you go down as far as the switch that night? A. Not quite to the switch. Q. Did you go down so that you could see around the switch at all? A. No, sir; portions of the body were strewn along the track. Q. About what distance? A. About 30 feet."

I fail to perceive how this proof could overcome the defects pointed out by the Court of Appeals in its opinion on page 239 of 201 N. Y., page 868 of 94 N. E.

I advise reversal of the judgment and order, and the granting of a new trial; costs to abide the event. All concur.