## NICHOLSON v. CITY OF NEW YORK.

(Supreme Court, Trial Term, Kings County. May 20, 1914.)

DEATH (§ 9*)—STATUTES—RETROACTIVE OPERATION—BURDEN OF PROOF.

Code Civ. Proc. § 841b, placing the burden of proving contributory negligence in actions for the death of a person upon the defendant, which was added by Laws 1913, c. 228, affects only the procedure and not the substantive rights of the parties, and therefore applied to an action for a death which occurred before the section became effective, but which action was tried thereafter.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 11; Dec. Dig. § 9.*]

Action by Eugenie H. Nicholson, as administratrix of the estate of Charles Nicholson, deceased, against the City of New York. On reargument of defendant's motion to set aside verdict for the plaintiff and for a new trial. Motion denied.

James D. Bell and Patrick E. Callahan, Asst. Corp. Counsels, both of Brooklyn, for the motion.

Louis Boehm and William C. Lilieholm, both of New York City, opposed.

KELLY, J. The jury returned a verdict in favor of the plaintiff for $5,000 damage for the death of her intestate husband. The defendant's motion for a new trial made at the close of the trial was denied; the court filing the following memorandum:

"After the end of a long trial after the court had fully charged the jury and passed upon additional requests to charge, the plaintiff's counsel concluded a long series of such requests by asking the court to charge that the burden of proof on the question of contributory negligence of the deceased was on the defendant, and the court so charged over defendant's exception. I do not think the matter of the burden of proof in this record was very important under the language of the main charge, or that defendant was prejudiced by it in any way even if it was incorrect. The law as given to the jury is based upon section 841b of the Code of Civil Procedure added by chapter 228, Laws 1913, taking effect September 1, 1913. The accident in which intestate met his death occurred prior to that date. Issue was joined in the case at bar, and the action was tried after the year 1913.

"Plaintiff insists that the rule is one of evidence, and that it was applicable to the trial of this case in March, 1914, while defendant insists that it was error to so instruct the jury. I think the change effected by section 841b, Code of Civil Procedure, was not a change in the substantive law, but merely a change in procedure, in the mode of attaining or defending rights, and that the law as declared in the section quoted was applicable at the time of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trial. People v. Qualey, 210 N. Y. 202 [104 N. E. 138]; Southwick v. South-wick, 49 N. Y. 510; Peace v. Wilson, 186 N. Y. 403 [79 N. E. 329]; Matter of Davis, 149 N. Y. 545 [44 N. E. 185]; Blackman v. Iron Clad Mfg. Co., 137 App. Div. 832 [122 N. Y. Supp. 619]. This exception to the charge is the only question now argued. The motion for a new trial is denied."

The defendant, having obtained an order for reargument of the motion, insists that the charge to the jury as to the "burden of proof" was erroneous under Clancy v. N. Y., N. H. & H. R. R. Co., 157 App. Div. 337, 142 N. Y. Supp. 258, and cases cited, which the learned corporation counsel asserts is decisive of the question here presented.

If the trial court in the case at bar had refused to submit the question of the contributory negligence of the deceased to the jury because of the provisions of section 841b, Code of Civil Procedure, and because contributory negligence has not been pleaded as a separate defense, I agree with the corporation counsel that such refusal would have been error. The amendment to the Code did not become effective until September 1, 1913. The accident occurred before that time, and defendant had a right to the two defenses. It must be shown that deceased met his death through negligence on the part of defendant and without fault on his part.

The enactment of the amendment to the Code which did not become effective until September 1, 1913, could not deprive defendant of its defense simply because it had not been pleaded as a defense.

But the defendant in this case was not deprived of the defense of contributory negligence. At the outset of the trial, the defendant, at the suggestion of the court, amended its answer so as to allege contributory negligence on the part of the deceased, as a defense. But without regard to the amendment the court charged the jury as follows:

"It is not enough that this accident happened. Accidents happen every day of the week; people are maimed and bruised and killed. Sometimes no one is responsible; sometimes it is an unavoidable accident; sometimes it is the fault of the man who is hurt. In that case under our law there can be no recovery. There can only be a recovery where the case is made out to the satisfaction of the jury that the accident happened through the carelessness on the part of the defendant. The plaintiff must prove that in all these cases. That is not enough; you must be satisfied that, no matter how careless the defendant was, in this case the driver of this wagon, no matter how careless he was, if the dead man was careless, the plaintiff cannot recover. That is the law of the land. * * *

"It was the duty of the people getting off the car to keep their eyes open too. There is no such law that says that a man getting off a trolley car at a transfer station or any other place in the city of New York can get off with his eyes shut and not look both ways to see whether there is anything coming. He is obliged to be vigilant as well as the man on the ash cart. This is not a case of a man getting off a railroad train and being run down by another railroad train. This is a case of a man getting off in the public street, where cars and ice carts and all kinds of vehicles have a right to be; and when he is getting off the car he must look or glance one way and the other to see whether anything is coming. This is the law, and that is reasonable common sense. * * *

"If the horse was within 20 feet of the car coming at him plunging, was he careless in going ahead? Would a careful man have stopped and said, 'I will let that horse go by'? I do not know what you will say about it. * * *

"The driver of this ash cart and the dead man were obliged to use care: The driver of the ash cart to take notice of where he was going and to use reasonable care not to hit anybody if there was anybody there; the man on the car to use reasonable care before he stepped off to the street to see whether anything was coming. If they were both careless, the plaintiff cannot recover. It is only in case you find that the defendant, the ash cart driver, was solely the cause of the accident, that the plaintiff can recover."

The portion of the charge which raises the question now before the court is found in the requests made after the main charge. The learned counsel for plaintiff submitted orally a long line of requests. The corporation counsel followed with two requests, the first of which the court charged, and then follows:

"Mr. Callahan: I ask your honor to charge that, if on any of the points that your honor has put before the jury the balance is equal, and if they are in doubt at all, that the verdict should be for the city. The Court: The plaintiff must make out her case by a fair preponderance of the evidence so far as the negligence of the defendant is concerned. Mr. Boehm: I except. The Court: So far as negligence is concerned, the law now places the burden on the defendant of proving contributory negligence. Mr. Callahan: Both on the question of the negligence and on the question of the cause of death, both being material. The Court: Yes. They must be satisfied that the proof weighs on the plaintiff's side; that is always a requisite. You cannot guess or speculate. Mr. Boehm: I except to that portion of your honor's charge where you take away from the consideration of the jury the viciousness of the horse. The Court: All right. Mr. Boehm: I ask your honor to charge the jury that the 'burden of proof' on the question of the contributory negligence of Mr. Nicholson is upon the defendant; they must make that out. The Court: Yes. Mr. Callahan: I except to that."

It is the granting of the last request of the plaintiff over the exception of the corporation counsel which is now assigned as error.

It will be noted that the defendant was accorded the full benefit of the substantive law regarding negligence and contributory negligence. The attention of the trial court was not called to the decision of the Appellate Division in the Clancy Case. Of course, if that decision is applicable to the facts here, it is binding on the trial judge, and I should certainly follow it without regard to my own ideas on the subject.

But I do not think it affects the situation here presented. As already suggested, the defendant had obtained an amendment of the answer, pleaded contributory negligence as a defense. But whether the answer had been amended or not, I think the matter of the "burden of proof" standing alone simply affected the method in which the proof was to go in; a rule of procedure for the aid of the jury in determining the issues. The issues, the facts constituting the claim, and the facts constituting the defense were duly submitted to the jury. The law covering the facts was duly stated to them. This "burden of proof," or rule of proof, it seems to me, was not a matter of right which the Legislature cannot affect by amendment changing the method in which a given fact should be proved or disproved.

I think the language of the charge in the case at bar is essentially different from that in the Clancy Case, and the strictures of the court have no application here.

It is a general rule that an act which applies only to forms or procedure and modes of attaining or defending rights can be availed of in

an action pending when the act took place. Southwick v. Southwick, 49 N. Y. 510; Germania Bank v. Suspension Bridge, 159 N. Y. 362, 54 N. E. 33; Lazarus v. Met. El. R. R. Co., 145 N. Y. 581, 40 N. E. 240; Matter of Davis, 149 N. Y. 539, 44 N. E. 185. But it seems to me the strongest case upholding the applicability of the law as amended, at the trial, is found in the recent case of People v. Qualey, 210 N. Y. 202, 104 N. E. 138. In that case the conviction of the defendant for the crime of larceny was affirmed, although evidence was received at the trial which was concededly inadmissible at the time the offense was committed and for some time after. It was admitted against defendant by virtue of an act of the Legislature making the evidence competent, but passed some two years after the commission of the crime. Chief Judge Bartlett, writing for the court, holds that the change in the law was simply a change in procedure, not affecting any substantial rights of the defendant. And he cites two decisions of the Supreme Court of the United States, in the first of which (Hopt v. Utah, 110 U. S. 574, 4 Sup. Ct. 202, 28 L. Ed. 262) a conviction of murder in the first degree and a death sentence were upheld upon evidence received against the defendant, inadmissible at the date of the crime, and only rendered competent by a statute enacted after the fact. And in Thompson v. Missouri, 171 U. S. 380, 18 Sup. Ct. 922, 43 L. Ed. 204, a conviction of murder was sustained under these remarkable circumstances: Upon the first trial, the defendant was convicted and sentenced to death; but the judgment of conviction was reversed because of error in admitting in evidence against defendant certain letters for purposes of comparison of handwriting. After the reversal of the judgment and before the second trial, the Legislature of Missouri enacted a statute making the evidence competent; on the second trial the evidence was admitted per force the statute, and the federal Supreme Court held that the law was not ex post facto, but simply regulated procedure.

If the Legislature may pass a law changing the manner of proving facts and making that competent which was not admissible at the date of the occurrence on trial, if this is, as stated by Mr. Justice Harlan in the cases cited "not a change in the substantive law but merely a change in the procedure," I think that the act of 1913 under discussion in the case at bar, an act concerning procedure, section 841b of the Code of Civil Procedure, comes in the same category. The plaintiff has recovered a verdict of $5,000 on the death of her husband, and I think I have no right to set it aside for the reason alleged by the learned corporation counsel. As suggested in my original memorandum, I doubt whether the instruction complained of affected the defendant injuriously, but, in any case, I am forced to believe it was correct.

The motion for a new trial is therefore, upon reargument, denied.