(163 App. Div. 180)

### SACKHEIM v. PIGUERON.   (No. 5857.)

(Supreme Court, Appellate Division, First Department.   June 5, 1914.)

1. DEATH (§ 58*)—WRONGFUL DEATH—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF—STATUTES—RETROACTIVE OPERATION.

Code Civ. Proc. § 841b, providing that, on the trial of an action to recover damages for causing death, the contributory negligence of the person killed shall be a defense to be pleaded and proved by the defendant, is not retroactive and had no application to an action for death occurring prior to the enactment of the statute but not tried until after it took effect.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 75–78; Dec. Dig. § 58.*]

2. DEATH (§ 75*)—WRONGFUL DEATH—ELEVATOR ACCIDENT—CONTRIBUTORY NEGLIGENCE.

Deceased, a young woman who was employed on the sixteenth floor of a building, prepared to leave, went out of the office, and was heard to say, "Down sixteen," after which, in a few seconds, a scream was heard. A witness at once went into the hall, saw the door of the elevator open, but no one was there, and later deceased's body was found in the cellar. There was some evidence that when the elevator door was pushed to, to close it, it would fly back and would not catch. *Held,* that the fact that the door was left open would not relieve decedent from the duty to exercise care to avoid walking through the open door into the elevator well when there was no elevator there, and that the facts were insufficient to negative contributory negligence on her part.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 93, 95; Dec. Dig. § 75.*]

Laughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Jacob Sackheim, as administrator, etc., of Jean Sackheim, deceased, against William G. Pigueron. From a judgment dismissing the complaint at the close of plaintiff's case, he appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Pierre M. Brown, of New York City, for appellant.
Carl Schurz Petrasch, of New York City, for respondent.

INGRAHAM, P. J. The complaint in this action was dismissed at the close of the plaintiff's case, and, on appeal by the plaintiff, the question presented is whether on that testimony there was evidence to justify the jury in finding that the defendant was negligent and plaintiff's intestate free from contributory negligence.

The deceased, a young woman, was in the employ of a tenant of the defendant on the sixteenth floor of the office building at No. 59 Pearl street, New York. There were two elevators in this building for the accommodation of the tenants. On the 23d of February, 1912, the deceased spoke over the telephone with a friend of hers in the same building, and they arranged to meet together at lunch. This was about 10 minutes before 12. She prepared to go out and left the office. As she went out of the door, an occupant of the office heard her say, "Down sixteen," and then in a few seconds a scream was heard. The witness at once went into the hall, saw the door of the elevator open and nobody there. The plaintiff also called as a witness a man who was in the employ of the defendant and who was running the elevator at the time of the accident. He was what was called "head porter" and relief man. He was 37 years old. He took charge of the elevator, relieving the regular boy. On this day, while in the elevator, he heard something strike the top of the elevator. He stopped the elevator and went up to the floor above and saw a woman's hat on top of the car. He then went to the cellar and found the deceased's body in the cellar. The evidence does not show just where the elevator was at the time of the body striking on top of the car, but it was evidently below the sixteenth floor, from which floor the deceased fell. There was some evidence tending to show that when this elevator door was pushed to, to close it, it would fly back and would not catch. The complaint was dismissed on the ground that the plaintiff had failed to prove that the deceased was free from contributory negligence.

[1] It is quite evident that, if the amendment to section 841b of the Code of Civil Procedure is applicable to this case, the dismissal was error. That section went into effect September 1, 1913, and provides:

"On the trial of any action to recover damages for causing death, the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant."

This accident happened on the 23d of February, 1912, before this act was passed. The defendant in his answer, however, sets up affirmatively that the injuries sustained by the plaintiff's intestate were caused wholly or in part by reason of her own negligence, so the plaintiff's contributory negligence was duly alleged as a defense, as required by this section. The action was tried on January 28, 1914, after this section became a law.

If this was an open question, I would think that this amendment to the Code of Civil Procedure was applicable on the trial of this action. It was not a change in the substantive law; it did not affect the liability of the defendant for the injury caused by the death of the deceas-

ed, but was merely a rule as to the burden of proof to be applied upon the trial of the action. It was competent for the Legislature to say on whom should rest the burden of proving the negligence of a deceased person whose death had been caused by the negligence of a defendant, and the question as to who had the burden of proof could not become of importance until the action was tried. The law before the passage of this act and since has been the same—that, to entitle a plaintiff to recover for the death of a person caused by negligence, the evidence must show that the deceased was free from contributory negligence. The question whether the plaintiff or the representative of the deceased must prove that the deceased was free from contributory negligence, or that contributory negligence was an affirmative defense to be proved by defendants, is a question of procedure upon the trial of the action. When, upon the trial of the action, there is a statute in existence which provides that, on the trial of an action to recover damages for causing death, the contributory negligence of the person killed shall be a defense to be pleaded and proved by the defendant, was one of procedure which had no relation to the cause of action or the liability of the defendant.

The Court of Appeals, however, in Greif, as Adm'r v. Buffalo, Lockport & Rochester Railroad Co., 205 N. Y. 239, 98 N. E. 462, held that section 202a of the Labor Law (Consol. Laws, c. 31), which was added thereto by chapter 352 of the Laws of 1910, and which relieves the plaintiff from showing want of contributory negligence in action for personal injuries, and makes it a defense to be pleaded and proved by the defendant, was not retroactive, and in that view all the judges of the Court of Appeals seem to have concurred. That case was followed by the Second Department in Bradley v. Degnon Contracting Co., 157 App. Div. 237, 141 N. Y. Supp. 852. The language used in this section and in section 841b of the Code of Civil Procedure is almost identical, and I think the question as to the applicability of this section of the Code of Civil Procedure to actions based upon causes of action which arose before the section took effect is no longer open to discussion in this court. This case, therefore, must be decided under the law as it existed at the time of the accident which resulted in the death of the plaintiff's intestate. The question is whether there was any evidence to justify a finding of the jury that the plaintiff's intestate was free from contributory negligence.

[2] I am inclined to think that there was evidence tending to show that the door of this elevator was left open by the operator of the elevator at the time the plaintiff's intestate left the office in which she was employed, and therefore there was evidence from which the jury could find that the defendant was negligent. But this is the only evidence in the case that would justify a finding of negligence on the part of the defendant. If the jury should find that the door was thus left open, it would then appear that the plaintiff's intestate left the office in which she was employed, walked out to the elevator shaft, and walked through the open door when no elevator was there. The passageway was apparently well lighted; there was no evidence of anything to distract the deceased's attention; and, if the burden of proof is on the plaintiff to show that the deceased was free from contributory negli-

gence, there is, as I look at it, no evidence to show such freedom from contributory negligence, if the jury should find that the door was open at the time the deceased left the office and walked into the elevator shaft. It is purely a matter of speculation as to why she walked through the open door into the elevator shaft. The mere fact that the door was left open would not relieve her from the duty of exercising some care to avoid walking through the open door into the elevator shaft when there was no elevator there, and the case is absolutely bare of any evidence that she exercised any such care or that the accident did not result solely from her own negligence. While I think, therefore, there was evidence which would justify a finding of negligence against the defendant or its employés, I can find no evidence in this record affirmatively showing that the deceased was free from contributory negligence, and the court below was therefore quite right in dismissing the complaint.

It follows that the judgment appealed from must be affirmed, with costs.

CLARKE and SCOTT, JJ., concur. DOWLING, J., concurs in the within opinion and on the further ground of absence of any proof of defendant's negligence. LAUGHLIN, J., dissents.