DE BAUD v. LONG ISLAND R. CO.  (No. 5931.)

(Supreme Court, Appellate Division, First Department.  July 10, 1914.)

1. RAILROADS (§ 348*)—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE.

Decedent with certain companions started to cross a double-track railroad at a crossing, and, instead of waiting before he arrived at either of the tracks for the passage of a freight train on the most distant track, crossed the one nearest him and stood close to the freight train. He did not look for a passenger train approaching on the track he had crossed and did not discover it in time to get back off that track as did his companions, but instead attempted to stand in the space between the two trains and was struck and killed by the steps of the second or third car of the passenger train. *Held*, that such facts were insufficient to show that intestate was free from contributory negligence and that the accident was solely due to defendant's negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138–1150; Dec. Dig. § 348.*]

2. APPEAL AND ERROR (§ 171*)—THEORY OF CAUSE.
    A cause will not be determined on appeal on a theory different from
that presented in the trial court.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–
1063, 1066, 1067, 1161–1165; Dec. Dig. § 171.*]

3. STATUTES (§ 243*)—RETROACTIVE PROVISIONS—DEATH—CONTRIBUTORY NEG-
    LIGENCE.
    Code Civ. Proc. § 841b, in effect September 1, 1913, providing that in
an action for death contributory negligence of the person killed shall be
a defense to be pleaded and proved by the defendant, is not retroactive.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 324; Dec. Dig.
§ 243.*]

Appeal from Trial Term, New York County.

Action by Sara F. de Baud, as administratrix, etc., of Halsey H.
De Baud, deceased, against the Long Island Railroad Company. From
a judgment in favor of plaintiff on a verdict for $7,849.82 and from
an order denying plaintiff's motion for a new trial, in an action to re-
cover damages for the wrongful death of plaintiff's intestate, defend-
ant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Joseph F. Keany, of New York City (Alfred A. Gardner, of New
York City, of counsel, and Matthew J. Keany, of New York City, on
the brief), for appellant.

William F. Fowler, of Lynbrook (Raymond D. Fuller, of New York
City, of counsel), for respondent.

CLARKE, J. The accident in which the plaintiff's intestate lost his
life occurred on the afternoon of July 5, 1909 at a grade crossing at
Earl avenue, Lynbrook, L. I. The defendant's line of railroad at the
locus in quo runs east and west. There were four tracks, 449 feet to
the west at about Washington avenue the tracks begin to curve towards
the north and northwest at a radius, at that time, of six degrees. Some
little time before the accident a fire had occurred south of the line of
track, and a number of people, including the intestate, had gone down
to witness it. Coming back from said fire and at about half past 4
in the afternoon was a party of girls, and following them was the
intestate accompanied by two men friends. A freight train running
west on the northerly or west-bound track while passing over the
crossing blocked the way. Two girls stopped near the south rail of the
east-bound or southerly track. The three men, who had been behind,
proceeded past them to the north rail of the east-bound track and
stood there waiting for the freight train to pass. An express passen-
ger train running east was discovered by the girls, and they jumped
back to safety; one of them, however, returning to the track calling
and poking one of the men with her long handled parasol, and then
again jumping back to safety on the south side. The three men
stepped off the track to the north, which put them between the freight
train running west and the passenger train running east. The in-

testate was hit by the steps of the second or third car, knocked down, and killed.

[1] It is established by the great weight of evidence that the whistle was blowing and the automatic bell of the engine of the express train was ringing. A careful examination of the whole record convinces us that the verdict was against the weight of the evidence; that plaintiff did not sustain the burden of proving her intestate free from contributory negligence and that the accident was solely due to the negligence of the defendant. If the decedent in waiting for the freight train to pass had stopped a few feet south of the east-bound track, he would have been in a position of entire safety. Instead of that, he chose to stand upon the northerly rail of this track, close to a rumbling and noisy freight train, and was so indifferent to his situation and so careless of his surroundings that he did not look in the direction from which a train was to be expected, and so did not discover it in time to get to the south side of the track, as did the young ladies, or else made the choice of stepping between the east and west bound tracks, a place of obvious and immediate danger.

[2, 3] Respondent urges upon this appeal that as the action was tried on November 24, 1913, section 841b of the Code of Civil Procedure, in effect September 1, 1913, which provides:

"On the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant"

—was applicable. The action was not tried upon that theory. The court charged clearly that the burden was upon the plaintiff of showing the absence of contributory negligence to which no exception was taken by the respondent, and no suggestion was made throughout the case that any other rule applied. Further this court has recently held in Backheim v. Pigueron, 148 N. Y. Supp. 27, upon the authority of Grief v. Buffalo, Lockport & Rochester Railway Company, 205 N. Y. 239, 98 N. E. 462, that the provisions of this section of the Code are not retroactive.

It follows therefore that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.