(Sup.) 113 N. Y. Supp. 1034; Bryant v. Auchmuty (Sup.) 129 N. Y. Supp. 471. In the case of Plesser v. Appel, supra, the court said:

"The rule is that a bailee, no matter what the character of the bailment may be, when the purpose of such bailment has been fully satisfied and performed, is bound upon request to redeliver the thing bailed to its lawful owner; but such redelivery may be excused by proof that the article has been lost or destroyed without negligence or want of care on the part of the bailee. Ouderkirk v. Central National Bank, 119 N. Y. 263 [23 N. E. 875]."

Judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

(164 App. Div. 789)

### SKELTON v. LEHIGH VALLEY R. CO.   (No. 461–157.)

(Supreme Court, Appellate Division, Fourth Department. November 11, 1914.)

DEATH (§ 58*)—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF—STATUTE—RETROACTIVE OPERATION.

Code Civ. Proc. § 841b, providing that, in an action to recover damages for death, the contributory negligence of the person killed shall be a defense, to be pleaded and proved by the defendant, is not retroactive, and does not apply to an action for death occurring prior to the enactment of the statute.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 75–78; Dec. Dig. § 58.*]

Appeal from Trial Term, Madison County.

Action by Jennie P. Skelton, as administratrix of the estate of Chester Skelton, deceased, against the Lehigh Valley Railroad Company. Judgment for plaintiff, and defendant appealed to the Third Department, from which the case was transferred to the Fourth Department (149 N. Y. Supp. 1111). Reversed and remanded.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

A. D. Jenney, of Syracuse, for appellant.

Albert E. Campbell and Campbell & Woolsey, all of Canastota, for respondent.

PER CURIAM. The death of plaintiff's intestate was due to injuries he received as a result of one of defendant's trains colliding with a wagon driven by him along a public highway where the same crosses defendant's line of railway at grade. The question whether or not the accident was due, in part at least, to his contributory negligence, was a close one. The court declined to charge defendant's request that plaintiff had the burden of proving that her intestate "was free from carelessness or negligence which caused or contributed to the accident in question." The further request to charge "that section 841b of the Code of Civil Procedure is not applicable to this action" was also declined. Exception was in each instance duly noted in defendant's behalf.

---

Section 841b, above referred to, provides that:

"On the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant."

This subsection was added by Laws 1913, c. 228. As provided by the terms of the enactment, it went into effect September 1, 1913. (It may be noted that another subdivision of the same section, designated also as 841b, was added at the same legislative session by chapter 395 of the Laws of that year. This latter subdivision concerns a subject other than that presented in the present action, and it is not possible that the court was misled by the failure of defendant's counsel to call attention more specifically to the exact provision to which he sought to direct the court's attention by the second request to charge above referred to.) The injury to plaintiff's intestate and his death caused thereby both occurred some months before the subdivision, quoted above, became a law. Unless this law is retrospective in operation and effect, defendant was entitled to have both requests charged.

That it is not retrospective has been held in Sackheim v. Pigueron, 163 App. Div. 180, 148 N. Y. Supp. 27. That case was decided on the authority of Greif v. Buffalo, Lockport & Rochester R. R. Co., 205 N. Y. 239, 98 N. E. 462, in which case it was held that section 202a of the Labor Law (Consol. Laws, c. 31; Laws 1909, c. 36), added by Laws 1910, c. 352, by which the contributory negligence of an employé in an action brought by him or his personal representative against his employer to recover damages for negligence, arising out of and in the course of his employment, was declared to be a defense to be pleaded and proved by the defendant, was not retrospective. In the case of Clancy v. New York, N. H. & H. R. R. Co., 157 App. Div. 337, 142 N. Y. Supp. 258, the Second Department cites and follows the Greif Case. In view of the restricted application of the section, above referred to, as determined by the decisions in the cases hereinbefore cited, we must hold that the refusal of the trial court to charge defendant's requests was error; and for that reason the judgment and order should be reversed, and a new trial directed, with costs to appellant to abide event.